Thank you, Your Honor. May it please the Court, my name is David Shapiro. I represent Mr. Bergara on this appeal. There are three reasons to grant Mr. Bergara's petition in this case. First, the jury instruction in the prosecutor's arguments relieved the State of proving Mr. Bergara personally inflicted great bodily injury and thus violated the United States Supreme Court decisions in Apprendi and Griffin. Apprendi, because it increased the sentence dramatically without a jury finding of legally proper facts. It violated Griffin because it was a legally insufficient theory of liability, not a factually insufficient theory of liability, as was the case in the Cross decision. The second reason or before you go on, tell me why this case is different than Cross. Because in Cross, the jury instruction said that a pregnancy or an abortion may constitute a great bodily injury, but you jurors must decide whether that fact is proved. That's very different from what the jury was told in Cross. Scalia, I thought the jury was told here that that – and put aside the pregnancy for a second, because – so it's really the abortion that we ought to be focusing on. I thought the jury was told here that your client could only be found to have inflicted great bodily harm as a result of the abortion if he, in fact, was – he, in fact, participated in the abortion. That's a little bit of a paraphrase, but you understand what I'm saying. Wasn't the jury told that here? I don't think so, Your Honor. I think what happened was at the start of the jury instructions, there was a very general statement that a defendant has to be – has to personally inflict the great bodily injury. Right. But then that's completely neutralized by a later instruction. Tell me how it's neutralized. That's what I'm interested in. Because it says – it says, if the amount of force used in the commission of the offense resulted, and that's a proximate cause standard, if it just happened in a significant or substantial injury, that injury constitutes great bodily injury. And then the very next sentence is a pregnancy or abortion may constitute great bodily injury. So – So your view is that the general instruction that your client had to personally participate in the infliction of great bodily harm was negated somehow by the later instruction? It was completely negated by it. And the easiest way that I had of thinking about this is to think about an analogy. The Cross decision, if you think about a car accident where somebody is killed, a victim is killed because of the defendant's actions, and the jury is told, you can enhance his sentence if he was driving under the influence or speeding. But there's no evidence, for example, that he was speeding. Well, that's Cross, because in Cross, the jury is told something that's true but irrelevant. The Bergara situation is much different. The Bergara situation, if you take my analogy and there's a car accident and the – and the – and the victim is now killed, but later commits suicide because he's depressed over his injuries from the car accident. And the defendant – and the jury is told in the defendant's case, you can enhance the defendant's sentence because that victim committed suicide later. That's Bergara's case. That's what the jury instruction said to the Bergara jury. And that's what was improper and that's what's a violation of Apprendi. Now, Counsel, of course, we're here on habeas, so we're looking for a violation of federal constitutional law consistent with Supreme Court holdings. And in this particular case, I need a little bit of help. I'm sorting out what is state law and what is federal law. Help me zero in on the precise violation of federal constitutional law you're looking at. Well, the precise violation is the Apprendi violation, is that a state – and, for example, Apprendi was a state prosecution, in my recollection, where a state says, you may – you, juror, may enhance this defendant's sentence, or actually in Apprendi it was the judge. You may enhance the sentence with these findings of fact. That was considered to be a violation of federal constitutional rights because under the federal constitution, a defendant can only be sentenced to death. But is that the federal constitutional problem here? I thought that – after all, the jury returned a verdict of great bodily harm. So this is not really an Apprendi case. I thought your argument was, based on the due process line of cases, that when a state makes an element part of an offense, then if the jury is given alternative findings, there's a due process problem unless it's clear to us that it relied on one rather than the other. Isn't that really your federal constitutional argument? Well, that's certainly part of it, but I see it as also an Apprendi issue. See, the problem here, the judge made no finding. The jury made a finding of great bodily harm. That's – Apprendi says you submit these issues to a jury. You did. The jury may not have been properly instructed, which may be a State law issue, or they have been given the ability to find it on alternative grounds, which might be a due process issue, but I have trouble seeing an Apprendi issue here. Well, I think it is because a State can't put somebody in prison for a longer period of time. No, I think we all fully understand what Apprendi says. I'm just – I'm having difficulty finding the Apprendi violation. The issue was submitted to the jury and it made a finding. It may have been improperly instructed. Due process may have been violated because it had alternative grounds for making it and it's not clear to us which one. But I don't see a Sixth Amendment problem here. There may be a Fourteenth Amendment problem, but there's surely not a Sixth Amendment problem. Anyway, that's my – Well, I understand your point, Your Honor, and the way I couched it was as Apprendi, but I also couched it in terms of what Griffin talked about. And when Griffin drew a distinction between legal insufficiency and factual insufficiency, I thought that's a very important distinction that we ought to see here, because Bergara was definitely within that legal insufficiency category. And the Supreme Court in Griffin said that is not something that a jury is competent to be able to distinguish. Whereas it could distinguish between the situation where maybe the facts weren't shown by the prosecution on a particular theory of liability. If the record on 221, the jury was instructed that it was their duty to determine whether the defendant was – whether the defendant personally inflicted great bodily injury on Jay and Doe. So with that instruction, they still had to find that he personally did it. Isn't that – isn't that correct? That's what I was saying earlier, Your Honor. The – he did say that, but then he neutralized it. When he said – when he used that word, resulted, and that's very different from the jury instruction in Cross. When he said resulted, that completely neutralized the personal. It's – you're telling the jury you have to find that he personally did it, but you can also find that any harm that resulted from his conduct, and that includes the abortion. How does that rise to a Federal constitutional issue? You claim to neutralize it, but how does that become a Federal issue? Well, I think for two reasons, because you're – you're giving a legally insufficient charge to the jury. That, to me, is an apprendee problem because it's allowing the jury to decide something based on a – an incorrect statement of the law. The law is just wrong. But the law is right, I take it. The facts are wrong. I mean, you agree that if your client had personally performed the abortion, for example, or participated in it, that would qualify as great bodily injury. Yes, that could happen. So why is this a – why is this a legal question rather than a factual one? In other words, what – I think what you're saying is the facts in this case were not sufficient to support that instruction. But I'm not sure why that's a legal question rather than a factual one. I'm not sure it matters for purposes of AEDPA because the question is which of the two buckets do you fall in, and you've still got to show that there was objective unreasonableness by the State court, but to me it's a factual issue. Well, there – I think there are both. I think there's a factual issue about whether – about whether that it even applied to the case, but that's not really what I'm arguing in terms of what the Federal constitutional violation is. Certainly, Mr. Bergara could have argued that and I think did argue in the court of appeal that there was no basis to do it – no basis to attribute the abortion to him. He did argue it several different times. The court of appeal decision doesn't address that argument because the court of appeal thought that abortion could be great bodily injury even if the defendant didn't personally perform it. So he did argue that. He did say there was no proximate cause – that there was a proximate cause instruction and that he shouldn't be held liable for it. But here it's a Federal constitutional violation because – because the – well, I think I've given you my view of that. And so, to answer Your Honor, the – there's no doubt that what the judge said in the early part of the instruction, but then what does he say later on to the jury and what does the jury take away from that? The jury says, well – and then you add to that what the prosecutor said several different times. You can find – if you agree that there was – oh, I realize I've come over and I forgot to ask to reserve time. I apologize. You can find this man – you can enhance this man's sentence if you find that that abortion was a – a great bodily injury. I think we understand your point. Okay. Thank you, counsel. Your time has expired. Thank you. We'll hear from the other side. May it please the Court. Alan Yano for Respondent. I just want to make a couple of points. One is, I agree it's not an Apprendi issue. If it's any issue, it's a Griffin issue, two alternative theories. Our position, and what we argued at some length in our brief, is that the lead opinion is somewhat deceptive in terms of what – what it says in terms of what the California Supreme Court held in this case, because when we look at the alignment of the justices, it seems that they're – they're not withdrawing from California's well-settled principles of law that the medical treatment resulting from pregnancy or from an injury can be considered. So our position would be that when we look at the alignment of the justices, you can consider – So you're talking about the Cross decision? Yes, I am, Your Honor. So your – your position is that Cross doesn't establish that great bodily harm requires the participation of the defendant? Is that your position? No. Our position is that it requires the participation of the defendant, but once the defendant inflicts the injury, the medical treatment – the nature of the medical treatment can be considered. And that – Your Honor, I want to understand your position so that – take the facts of this case as I understand them. Mr. Bergara committed a sexual assault, a pregnancy resulted, an abortion followed. Is it your position that because the abortion was medical treatment for the pregnancy that it would qualify for great bodily harm? Yes, and I believe that that's consistent with Justice Corrigan's opinion in – in Cross, and it's also consistent with Justice Baxter's opinion. That's for the seven justices. There's even language in the lead opinion that would support that. So when we look at the alignment of the justices, what we find is that that's – that's basically what we're saying here. Okay. And connect that up with the Federal constitutional issue. We don't usually look to the Supreme Court or the State for Federal interpretation. Right. But in terms of the – but his argument – one of his arguments is that this is Griffin violation because there were two theories. One was legally correct and one was legally incorrect. My argument is they're both legally correct. All right. Okay. So – So then there's no Estelle issue then, or no Federal? That's right, Your Honor. There are a couple other points I want to raise, and one is he's saying that – his argument is that if you look at the – if you look at the Supreme Court's opinion, the Supreme Court's opinion is that the State should dismissal without – so you look at the – at the Court of Appeals' opinion. Our position would be that that's really kind of a red herring, because either way you look at it, we get back to the Cross decision, we get back to California's substantive law. Cross – and what we're going to be looking at is in terms of – in terms of whether the Supreme Court's opinion is a dismissal or whether it's a decision on the merits. But assume for a second – and I must admit, I didn't read Cross the way that you suggest, and I'll take a closer look at it – but assume that Cross stands for the proposition that your opponent suggests, which is that unless the defendant somehow had some personal participation in the abortion, that can't be the predicate for a finding of great bodily harm. And the jury in this case was given the case on alternative theories, prosecuted – argued the case on alternative theories. Why isn't that a Griffin violation? Oh, well, because the – what you're looking at here is you're looking at through the lens of the AEDPA in terms of the California Supreme Court's decision. The California Supreme Court's decision could be viewed as saying that any juror who found great bodily injury would have accepted the victim's testimony as to the injuries that she suffered during the pregnancy. So what I'm saying is that if you were reviewing it on appeal, perhaps you might say – And I understand that we have a – we have a deferential review. I'm just trying to figure out, as we all are, the nature of the constitutional argument. And Griffin seems to suggest that, with some exceptions, that if you give a case to a jury on two State law theories, one of which is supported by – one of which is proper and the other one which is improper, that there may be a Federal constitutional violation. I'm trying to – why isn't that the case here? Tell me why. Oh, because of PLETO. And the California Supreme Court's opinion or their order of dismissal should be viewed as looking at the jury instructions under the – or looking at any error, alleged error in the jury instructions. Or it could be actually looked at in two ways. One is that there's no error in the jury instructions, and so there's no Griffin problem. Right. That's your cross-argument there. Right. I was asking you to assume that away. Right. But the other – the other point that they could be saying is, well, let's say we're not – they could say, look, we're not going to decide if it was Griffin error or not, because even if it was Griffin error, we're going to find – we believe that the victim's testimony was – given the jury's verdict, any juror who found that the – that the abortion would have been great bodily injury would also have found that the victim's testimony established it. And that leads to the question I was sort of winding up to. What – what is the last reason State court decision in this case? That's – I would say that it's the – the order of dismissal by the California Supreme Court. And one reason I thought of after I wrote my brief that it would be the decision – that this should be a decision on the merits is that if it were not a decision on the merits, the defendant would not have had a decision that reflected the law under Cross. So if Cross says what he – what the appellant says it says, then his argument is not a violation of Griffin or Apprendi. His argument would be along the lines of this is an unreasonable application of Hicks v. Oklahoma because they changed the law and they didn't get a decision based on a finding that reflected that change in the law. But he's not making that argument. So I – so my point is that it would not only – does it appear to be on its face to be a decision on the merits, but also there would be a Hicks v. Oklahoma issue if – if it were not. And I believe the California Supreme Court should be presumed not to violate Hicks v. Oklahoma unless it appears clearly that they did. And our position – What – would it violate Hicks or any Federal law if a State Supreme Court merely denied discretionary review? Oh, be – I mean, that's – that's really what they did in this case. They held the case and then they said in our discretion, we choose not to hear it, see this case. Oh, because they're not – because their failure to act – you have to look at – I'm suggesting that it would be looked at from the entire context. If the – the history has to be considered in terms of the denial of review. The denial of review would mean that the defendant did not get a decision that reflected the cross-standard. I mean, one – one difficulty I'm having with viewing the State Supreme Court decision as the last reason decision on the merits perhaps comes from my State Supreme Court experience, which is that when we denied review, like the U.S. Supreme Court, we were sort of saying, we don't – this is not one of those cases in which we care to reach the merits. Here you've got that little bit of extra language and perhaps that's – that's the reason, but it's – it's a little difficult for me to say – it's a little difficult for me to say the State Supreme Court that says we don't care to hear this case has dealt with the merits of the case. Well, okay. In that case – well, all right. In my response, there would be one of two things. One is that you still get to the issue of how you interpret cross, if you say that. And there's really no factual finding to defer to in that situation – in that situation – well, maybe there is. But the point is that you still get to the cross issue. The other point I want to point out is that in this case, what you have is a grant and hold, and I don't know what the Arizona practice was. So this is – this is not just a hold, but it's a grant hold and then a dismiss, is that what you're saying? After – and on the basis of cross. So I'm saying that's the difference. And they actually granted the petition for review rather than simply holding it waiting for cross. Well, they – I think that's the normal procedure that they – that they do. They don't just – yeah, they didn't just wait to make a decision. They granted and held. Gotcha. Now, the other point I want to make is his last argument in his brief was a State law argument, and his reply brief was erased for the first time in the reply brief. It's a State law argument. I don't believe it's proper for the Federal Court to consider it. It's the one about Proposition 36. So if there's – and the other thing is in terms of a request for relief, his request for relief is that a total reversal. Our position is that, no, if he's – if everything he's saying is – if the Court agrees with everything that the appellant says, it's only return for resentencing on the Wine Strike Law. Other than that, unless the Court has questions, I'll submit it. Thank you, counsel.  We'll adjourn. All rise. We hereby offer that we have business with the Honorable United States Court of Appeals of the United States Circuit. We'll now depart from this Court for this session. Adjourned. Thank you.
judges: Piersol, O'scannlain, Hurwitz